UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANNA MADAY,

        Plaintiff,

                                            Case Number 04-10192-BC
v.                                             Honorable David M. Lawson

PUBLIC LIBRARIES OF SAGINAW,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS AND DISMISSING MOTION FOR SUMMARY JUDGMENT

The plaintiff, Anna Maday, commenced the present action alleging that she was terminated in violation of her rights under the Family and Medical Leave Act, 29 U.S.C § 2601 *et seq.*, the Age Discrimination and Employment Act, 29 U.S.C § 621 *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2701 *et seq*. On November 4, 2004, the Court entered a Case Management and Scheduling Order that established case management deadlines. The order provided that discovery be completed on or before March 31, 2005, and dispositive motions, if desired, should be filed on or before April 14, 2005. The defendant now seeks to file a motion for summary judgment out of time, alleging its failure to abide by the deadline was the result of excusable neglect. The plaintiff has filed an answer in opposition to the motion. The Court has reviewed the defendant's submissions and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The motion for summary judgment is filed out of time and, as explained below, good cause has not been shown to relax the deadline. The Court therefore will dismiss the summary

judgment motion as untimely filed and deny the motion for extension of time, construed as a motion to modify the Case Management and Scheduling order.

I.

The plaintiff filed her complaint on August 2, 2004. After the defendant answered, the Court conducted a scheduling conference with the parties present and on November 4, 2004, as noted above, entered the Case Management and Scheduling Order.

In accordance with the scheduling order, the parties appeared for a status conference on January 31, 2005. Among the topics discussed at the status conference was the prospect of referring the case to facilitative mediation. The Court discussed with the parties the virtues and opportunities presented by alternative dispute resolution, and the participants at the conference discussed the names of potential mediators. The Court continued the status conference to February 23, 2005 so that arrangements for facilitative mediation could be finalized.

The attorneys for the parties then again met with the Court on February 23, 2005. Defense counsel stated a desire to file a motion for summary judgment before agreeing to facilitation. The Court responded at that time that the defendant could file its motion but that the Court would decide it after the parties facilitated the case. Defense counsel stated that her client did not prefer facilitative mediation, but she agreed to discuss the matter inasmuch as the process is nonbinding.

The Court conducted a telephone status conference on March 9, 2005, and on March 16, 2005 the Court entered an order referring the case to facilitative mediation pursuant to the consent of all parties and appointing John Humphreys, Esquire as the facilitator. The order established a deadline to complete facilitation of April 29, 2005, and stated that "[a]ll parties or individuals with settlement authority are required to attend the facilitative mediation sessions. . . . Corporate parties

must be represented by an agent with authority to negotiate a binding settlement." The order provided further:

> It is further **ORDERED** that the referral of this case to mediation will not delay or modify any time period relating to its disposition, without express order of the Court. Unless otherwise ordered, parties are not precluded from filing pretrial motions or pursuing discovery. If either party wishes to seek relief from the calendar conference order previously entered, the parties may contact this Court's courtroom deputy clerk to schedule a telephone conference.

Order of Referral to Facilitative Mediation at 2. Until the defendant filed its summary judgment motion over a month after the deadline, it did not seek an extension or modification of the case management order either by telephone conference or otherwise.

On May 19, 2005, counsel for the parties again appeared before the Court for a status conference. The parties reported that they were unable to reach a settlement at the facilitation session. The plaintiff stated that she tendered a settlement demand but did not receive a response, and further disclosed that the defendant's representative failed to attend the facilitation proceeding with counsel for the defendant.

On May 24, 2005, the defendant filed a motion for summary judgment together with a motion to extend the dispositive motion deadline, as noted above.

II.

The Case Management and Scheduling Order in this case was entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which requires the court to "enter a scheduling order that limits the time . . . to file motions[] and . . . to complete discovery." Fed. R. Civ. P. 16(b)(2), (3). Once entered, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Moreover, a court may change a schedule "only 'if it cannot reasonably be met despite

the diligence of the party seeking the extension.'" *Ibid.* (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). Stated another way, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining the Eighth, Ninth, and Eleventh Circuits); *Leary*, 349 F.3d at 906.

The defendant contends that it did not file its summary judgment motion in accordance with the case management order because the Court "strongly urged" the parties to attend facilitative mediation in an effort to settle the case, and the defendant understood (correctly) that the Court would not decide a summary judgment motion until after that settlement effort had been attempted. The defendant's explanation, however, does not address the defendant's failure to file the motion within the deadline provided by the Court. The defendant alleges that defense counsel "requested on many occasions" the opportunity to have the Court decide a summary judgment motion. Such protestations make little sense, however, when such a motion is never filed.

The defendant has demonstrated scant effort in attempting to meet the requirements of the Court's orders, including the case management order, which augers against a finding of good cause. *See Inge,* 281 F.3d at 625. The defendant's disregard of the dispositive motion filing deadline may even have adversely affected the facilitative mediation efforts in the case. The defendant claims to have a strong defense against the plaintiff's claims, and suggests that the plaintiff's complaint is vulnerable to summary dismissal. Yet the defendant's failure to fortify those verbal representations with a filed motion, which would have been pending at the time of the facilitation if the deadline had been observed, may have been interpreted as a weakness of the defendant's own defense. The

failure to comply with the deadline, coupled with the defendant's violation of the order of reference to facilitative mediation resulting from the failure to attend that session by the defendant's representative, demonstrates to the Court a disturbing lack of diligence and a disregard for the Court's prerogative in managing the litigation.

The defendant has offered no basis for concluding that it reasonably could not comply with the scheduling order despite its exercise of diligence. In fact, compliance with the scheduling order, together with the other orders of the Court, likely would have advanced the ultimate termination of the litigation. The Court finds, therefore, that the defendant has failed to establish good cause for amending the Case Management and Scheduling Order.

III.

The Court finds that the defendant has not demonstrated good cause to amend the Case Management and Scheduling Order or to file its motion for summary judgment out of time.

Accordingly, it is **ORDERED** that the defendant's motion for leave to file an untimely motion for summary judgment [dkt #12] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 13] is **DISMISSED** as untimely.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 30, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS